DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Dennis Stopar has appealed the decision of the Summit County Court of Common Pleas that designated him a sexual predator under R.C. 2950.09. This Court affirms.
 I
On December 11, 1995, Appellant pled guilty to rape in violation of R.C. 2907.02(A)(2), and endangering children in violation of R.C.2919.22(B). On January 8, 1996, Appellant was sentenced to nine to twenty-five years for the rape conviction and five to fifteen years for the endangering children conviction, with the sentences to run concurrently. A hearing to determine sexual offender classification was held on June 6, 2001, at which Appellant made a statement before the trial court. He admitted that he had sexual intercourse with the victim, but denied it was rape. He explained that he completed sexual offender programs, participated in educational classes, and had a job. Appellant further stated that he bettered himself while in prison. The trial court adjudicated Appellant a sexual predator. Appellant has appealed the adjudication, asserting two assignments of error.
 II Assignment of Error Number One The state did not produce evidence to prove by clear and convincing evidence that [Appellant] is a sexual predator.
 Assignment of Error Number Two The trial court erred when it found [Appellant] to be a sexual predator as that finding was against the manifest weight of the evidence.
In his two assignments of error, Appellant has argued that his classification as a sexual predator was not supported by clear and convincing evidence and that the classification was against the manifest weight of the evidence. Appellant has claimed that, because he completed sexual offender counseling and furthered his education while incarcerated, he is unlikely to reoffend.
Sexual predator classification is governed by R.C. 2950.01 et seq. Pursuant to R.C. 2950.01(G)(3), an offender is "adjudicated as being a sexual predator" if:
 Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and the court determines pursuant to [R.C. 2950.09(C)] that the offender is a sexual predator.
Because Appellant was sentenced prior to the effective date of R.C.2950.09 and remained imprisoned after the effective date, the trial court was required to proceed under R.C. 2950.09(C). R.C. 2950.09(C) provides:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, * * * and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * [T]he court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator.
R.C. 2950.09(C)(1); R.C. 2950.09(C)(2)(a). R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant pled guilty to rape, which is a sexually oriented offense. R.C. 2950.01(D)(1). Therefore, the only issue before this Court is whether the trial court's conclusion that Appellant was likely to engage in the future in a sexually oriented offense is against the manifest weight of the evidence.
In reviewing the trial court's decision to adjudicate Appellant a sexual predator, "we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard."State v. McKinney (Jan. 9, 2002), Medina App. No. 3207-M, unreported, at 4, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477. "[T]he clear-and-convincing evidence standard require[s] the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense[.]"State v. Williams (2000), 88 Ohio St.3d 513, 533, quoting State v. Ward
(1999), 130 Ohio App.3d 551, 569. The clear and convincing evidence standard "is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v.Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross,161 Ohio St. at 477.
"[T]he same standard [applies] in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction." State v. Linden (Feb. 2, 2000), Medina App. No. 2984-M, unreported, at 3. Therefore, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [adjudication] must be reversed[.]
State v. Otten (1986), 33 Ohio App.3d 339, 340.
Appellant has argued that the determination that he is likely to commit a sexually oriented offense in the future is against the manifest weight of the evidence because the court did not consider his participation in sex offender programs. This Court disagrees.
In determining whether an offender is likely to engage in one or more sexually oriented offenses in the future, i.e. is a sexual predator, R.C. 2950.09(B)(2) requires the trial judge to consider all relevant factors including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
While the trial court must consider all factors under R.C. 2950.09(B)(2), "[t]he State is not required to demonstrate every factor * * * before a defendant can be adjudicated a sexual predator." State v. Smith (June 2, 1999), Summit App. No. 18622, unreported, at 372.
In making its sexual predator determination, the trial court reviewed and considered the pre-sentence investigation report, the victim impact statement, the psychological notes on the victim, and Appellant's statement at the hearing. The hearing transcript verifies that the trial court followed R.C. 2950.09(B)(2) in determining Appellant's classification. The trial court listed the criteria it found relevant to adjudicating Appellant a sexual predator.
Under R.C. 2950.09(B)(2)(a) the court cited the offender's age as a factor, stating that since Appellant was convicted in 1996, at the age of 37, he is still relatively young and has a normal life expectancy. Noting factor (b), the court discussed Appellant's prior conviction and incarceration for breaking and entering. The court considered factor (c), the victim's age, as relevant because testimony indicated the sexual encounters began when the victim was around six years old. Also noted as relevant was factor (e) because evidence showed that acid was used during the rape. Discussing factor (i), the court noted statements by the victim that she was warned that she would get in trouble if she told anyone about the abuse.
The hearing transcript revealed that the trial court found Appellant's lack of remorse a very relevant factor in determining classification. To support its conclusion that Appellant was likely to reoffend, the court discussed Appellant's statements during his competency evaluation about being sexually attracted to his own daughter.
After reviewing and weighing the evidence, this Court cannot conclude that the trial court clearly lost its way when it adjudicated Appellant a sexual predator. The transcript illustrates that the trial court considered all factors relating to the case and clearly set out the factors it found relevant in adjudicating Appellant a sexual predator. Contrary to Appellant's assertion, sufficient evidence existed to give the trial court a firm belief that Appellant was likely to commit another sexually oriented offense. The trial court reasonably found that Appellant's participation in sex offender counseling and educational classes were outweighed by the other relevant factors. The trial court did not error in adjudicating Appellant a sexual predator. Therefore, Appellant's assignments of error are overruled.
 III
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, J. CONCURS.
BAIRD, P.J., CONCURS IN JUDGMENT ONLY